IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KELLY DWAYNE LAMBERT, SR.
ADC #133823                                                                                          PLAINTIFF

v.                                              4:09CV00400HLJ

STATE OF ARKANSAS, et al.                                                                DEFENDANTS

ORDER

Plaintiff, a state inmate proceeding pro se, seeks relief in a civil rights action pursuant to 42 U.S.C. § 1983, and has paid the $350.00 filing fee to prosecute this action (DE #5).[1]

This Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b)(1), (2).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not

---

[1] The plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "...If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

If at some stage in the litigation of this action, plaintiff decides not to continue to prosecute this action, plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to Fed.R.Civ.P. 41.

If plaintiff has not completely exhausted his administrative remedies with respect to all his claims, he may file a motion to dismiss his unexhausted claims and then proceed with this complaint on the exhausted claims.

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.C. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In this particular case, while plaintiff names several individuals as defendants in the caption of his case, he does not specifically refer to all of those individuals in the body of his complaint. Therefore, plaintiff's complaint as it now stands is too vague and conclusory to enable the Court to determine whether the complaint is frivolous, fails to state a claim for relief, or does in fact state a legitimate cause of action. Accordingly, plaintiff shall file an amended complaint within fifteen (15) days of the date of this Order and specifically and clearly state the following: **(1) the name of each individual personally involved in the actions at issue in the complaint; (2) how each individual was personally involved in those actions; and (3) how each individual violated the plaintiff's constitutional rights.** Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places. Accordingly,

IT IS, THEREFORE, ORDERED that in accordance with the above instructions, plaintiff shall file an amended complaint within fifteen (15) days of the date of this Order. Failure to file an amended complaint will result in dismissal of this action without prejudice. See Local Rule 5.5(c)(2).

IT IS SO ORDERED this 289th day of June, 2009.

_____
United States Magistrate Judge